IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **ROBERT C. WEDDINGTON,** | |
| Plaintiff, | |
| v. | Civil Case No.: SAG-23-2338 |
| **DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE,** | |
| Defendant. | |

## MEMORANDUM OPINION

Robert C. Weddington ("Plaintiff") filed this action against the Department of Treasury Internal Revenue Service ("Defendant")[1] seeking payment of $1,800 in Economic Impact Payments. ECF 1. Defendant has now filed a motion for summary judgment, ECF 13, which this Court construes as a motion to dismiss.[2] Plaintiff filed an "Affidavit/Opposition," ECF 15, and no reply has been filed. This Court has carefully reviewed the filings and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, Defendant's motion must be granted.

---

[1] The only proper party in a suit to recover a tax refund is the United States of America. *See* 26 U.S.C. § 7422(f). The Clerk will be ordered to amend the docket to reflect the United States of America as the defendant.

[2] In its motion, Defendant relies primarily on external documents to argue that this Court lacks subject matter jurisdiction. Under Fourth Circuit guidance, Defendant's argument is more akin to a Rule 12(b)(1) motion to dismiss rather than a motion for summary judgment. *See Laber v. Harvey*, 438 F.3d 404, 414 n.5 (4th Cir. 2006) ("[I]f the district court believe[s] that it lack[s] subject-matter jurisdiction over [plaintiff's] claim for additional relief, the proper course [is] to dismiss the claim instead of granting summary judgment on it.); *Kobraei v. Alexander*, 521 F. App'x 117, 118 (4th Cir. 2013) (agreeing with district court's conclusion that plaintiff failed to exhaust her administrative remedies on her Title VII claim, but instead of affirming summary judgment, remanding "to the district court for entry of an order dismissing the case for lack of subject matter jurisdiction").

I.  **FACTUAL BACKGROUND**

Plaintiff's Internal Revenue Service ("IRS") Account Transcript reflects that a $1,200 tax relief credit, representing the first Economic Impact Payment ("EIP 1"), issued to him on July 22, 2020.[3] ECF 13-2 at 2. The credit was applied to a non-IRS debt on August 3, 2020. *Id.* Similarly, a second credit of $600, representing the second Economic Impact Payment ("EIP 2") issued to Plaintiff on June 10, 2022, but was applied to non-IRS debt on June 20, 2022. *Id.* Plaintiff identified the non-IRS debt in his Complaint as child support. ECF 1.

When Plaintiff filed a tax return for tax year 2020, he claimed EIP 1 and EIP 2 as tax credits and sought a refund of $1,800. ECF 13-3 at 5. He did not receive a refund.

According to his affidavit, on August 16, 2021, Plaintiff received EIP 3, in the amount of $1,400, deposited into his jail account. ECF 15 at 1–2. Plaintiff contends that his first two EIP payments, a total of $1,800, also should have been paid to him.

II.  **LEGAL STANDARDS**

Motions to dismiss for lack of subject matter jurisdiction are governed by Rule 12(b)(1) of the Federal Rules of Civil Procedure. While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a 12 (b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010) (quoting *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999)). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be

---

[3] Congress passed a series of statutes allowing for Economic Impact Payments ("EIPs") to be paid to qualified citizens as economic stimulus during the COVID-19 pandemic. Qualified individuals who did not receive the payments by paper check or direct deposit were encouraged to claim the amount as credits on their tax returns, which could result in their obtaining tax refunds.

regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

### III. ANALYSIS

The parties do not dispute the material jurisdictional facts in this case. They agree that EIP 1 and EIP 2 were issued to Plaintiff, but that he did not receive a refund because the money was instead applied to his unpaid child support.

26 U.S.C. § 6402(c) requires that the IRS reduce any refund to a taxpayer "by the amount of any past-due [child] support." The offset happens automatically where a state has registered a debt with the Treasury Offset Program. *See Sorenson v. Sec'y of Treas. of U.S.,* 475 U.S. 851, 856–57 (1986) (explaining that the IRS is authorized to "intercept tax-refund payments that would otherwise be paid" to someone whom a state has reported as delinquent on child support). Pursuant to statute, a taxpayer must dispute any such registered debt with the holder of the debt, not with the United States. 26 U.S.C. § 6402(g). In fact, this Court lacks jurisdiction to adjudicate such a dispute. *See id.* ("No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c).").

Accordingly, to the extent Plaintiff challenges the two offsets for unpaid child support, he must dispute that debt with the debt holder. This Court lacks jurisdiction to review this matter.

### IV. CONCLUSION

For the reasons stated above, Defendant's Motion for "Summary Judgment," construed as a Motion to Dismiss, ECF 13, is GRANTED. Plaintiff's claims must be dismissed without prejudice. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013) ("A dismissal for . . . [a] defect in . . . subject matter jurisdiction

3

. . . must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits."). A separate Order follows.

Dated: August 1, 2024                                              /s/
                                                                    Stephanie A. Gallagher
                                                                    United States District Judge